AARON M. CLEFTON, ESQ.  (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C
#336
Alameda, CA 94501
Telephone:  510/832-5001
info@cleftonlaw.com

Attorneys for Plaintiff
RICARDO MURILLO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

RICARDO MURILLO,

      Plaintiff,

      v.

CENTRELAKE MEDICAL GROUP, INC.

      Defendant.

CASE NO. 2:25-cv-00550
Civil Rights

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**

1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**

2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**

3. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**

DEMAND FOR JURY TRIAL

1.    **PREFETORY STATEMENT:**  This is Plaintiff's only Americans with Disabilities Act ("ADA") lawsuit in the last 12 months.  Plaintiff is not a high frequency litigant. Plaintiff's law firm is similarly not a high frequency litigation firm which represents many different disabled plaintiffs, none of whom are high frequency litigants. Plaintiff RICARDO MURILLO complains of Defendant CENTRELAKE MEDICAL GROUP, INC., and alleges as follows:

2.    **INTRODUCTION:** Defendant denied disabled Plaintiff RICARDO MURILLO access to medical imaging services at two different locations of

Centrelake Imaging due to its lack of equipment and/or policy of assisting disabled persons onto tables and imaging machines. The incidents took place in February and August of 2024. Plaintiff is unable to independently transfer to the imaging equipment. He needs the assistance of medical equipment or medical personnel to transfer. As a result of the inaccessible imaging machines and Defendant's medical equipment acquisition policies and practice, Plaintiff had to delay or forgo imaging services ordered by his medical providers and approved by his insurance company. The delay put Plaintiff at risk for serious medical complications. Defendant does not provide full and equal access for disabled patients at Centrelake Imaging.

3.      Plaintiff seeks injunctive relief to require Defendant to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities. Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendant's failure to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

4.      **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, and 54.3; and Title 24 California Code of Regulations, the California State Building Code.

5.      **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6.     **INTRADISTRICT:**  This case should be assigned to the Western Division as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

7.     **PARTIES:**   Plaintiff was the victim of gun violence in 1995.  He was shot in the neck which left him paralyzed from the chest down.  Plaintiff suffered an incomplete spinal cord injury at level C4. He cannot use his legs or arms but does have some control of his shoulders.  Plaintiff is a qualified physically disabled person due to quadriplegia and who requires use of an electric wheelchair for locomotion.

8.     Defendant CENTRELAKE MEDICAL GROUP, INC. is and was the owner, operator, lessor and/or lessees of the subject business, property and buildings at all times relevant to this Complaint.

9.     Centrelake Imaging is a place of "public accommodation" and "business establishment" subject to the requirements of 42 USC section 12181(7)(F) of the Americans with Disabilities Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.*  On information and belief, Centrelake Imaging and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code.  Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

10.    **FACTUAL STATEMENT:**  Plaintiff is a disabled person resulting from a spinal cord injury that he suffered as a result of gun violence that a happened decades ago. He uses a motorized wheelchair for mobility.  Plaintiff relies on businesses and other public places to have accessible facilities so that he can live his life and receive services.

11.    Defendant owns and operates ten locations of Centrelake Imaging throughout Southern California.  Plaintiff's insurance regularly refers him to Centrelake Imaging for diagnostic imaging services. In the past, there have been times when Defendant's employees were able to perform imaging services while Plaintiff has remained in his wheelchair.  However, Plaintiff has never been transferred to an imaging machine while seen at Centrelake imaging because Defendant refuses to provide the necessary medical equipment or personnel to transfer him to imaging equipment. In the past year, Plaintiff has been refused imaging service at Centrelake Imaging twice due to Defendant's refusal to assist him in transferring to use imaging equipment. This has caused Plaintiff anxiety and worry that he is not receiving or must delay imaging services which greatly affect his general health and medical care.

12.    In February of 2024, Plaintiff was experiencing pain in his right leg. His medical provider was unable to determine the source of the pain, so Plaintiff's medical provider recommended that he have a series of x-rays of his right hip and leg to help diagnose the cause. Plaintiff's medical provider submitted a referral to his insurance company so that Plaintiff could get the imaging.  Plaintiff's insurance company approved the x-rays series and referred Plaintiff to the Centrelake Imaging facility located at 1700 W. Covina Parkway, West Covina, CA 91790.

13.    Plaintiff made an appointment at the West Covina Centrelake Imaging location.  When Plaintiff arrived at the facility to get the x-rays, Defendant's employees informed him that the facility had no way of assisting patients with transferring to medical equipment.  Plaintiff was told that they did not have any

equipment to lift him onto the table and that staff members were not allowed to assist patients onto the table. Defendant definitively told Plaintiff that it would not be able to assist him in getting the x-rays. Plaintiff asked Defendant's representative how they usually dealt with disabled patients who use wheelchairs and walkers who cannot independently transfer to the imaging equipment. Defendant's representative apologized but again told Plaintiff that they could not assist him. Plaintiff left the facility without receiving any service. He was very frustrated by the lack of service. Luckily, the pain in his hip and leg resolved by itself before he was able to get imaging at another facility.

14.     In the summer of 2024, Plaintiff was diagnosed with kidney stones by his urologist. His medical provider informed Plaintiff that he would need to get a CT scan to confirm the location, size and presence of the kidney stones. Plaintiff's medical provider requested a referral from Plaintiff's insurance for CT imaging services, and Plaintiff's insurance company referred Plaintiff to the Centrelake Imaging facility located at 10226 Lakewood Blvd, Downey, CA 90241.

15.     Plaintiff was understandably concerned about being referred to Centrelake Imaging again since they were unable to assist him due to his disability previously.

16.     Prior to setting his appointment, Plaintiff called Centrelake Imaging to confirm that they would have equipment or personnel available to assist him with transferring to the CT scanner. Plaintiff explained to Defendant's representative that he is a quadriplegic wheelchair user and must have assistance in transferring to the CT scanner. Plaintiff also explained that he had previously been to the West Covina location of Centrelake Imaging and that they had not been able to offer him any assistance in transferring to the imaging equipment. Defendant's employee told Plaintiff that the Downey facility is much larger and getting assistance in transferring to the equipment should not be an issue. Plaintiff felt reassured, so he made an appointment for August 8, 2024.

17.    Plaintiff arrived at the Downey branch of Centrelake Imaging on August 8, 2024.  Plaintiff checked in at the reception desk upon arrival.  During the registration process, Plaintiff informed Defendant's employee at the reception desk that he did not have use of his arms or legs and would therefore need assistance in transferring to the CT scanner.  Defendant's employee took down that information and told Plaintiff to return to the waiting room until he was called for his CT scan. A few minutes later one of Defendant's employees came to speak with Plaintiff in the waiting room.  Defendant's employee told Plaintiff that they did not have the equipment or the trained personnel to assist him in transferring to the CT scanner and unless he brought people who could assist him in transferring Defendant could not perform the CT scan on him.

18.    Plaintiff was upset.  He explained that he called Defendant before setting the appointment and was assured that the Downey location of Centrelake Imaging would be able to assist him with the transfer.  Plaintiff explained that it took a lot of effort for him to get ready, leave the house, and get transportation to this facility. Plaintiff expressed his frustration at the time and effort he had wasted in getting to Defendant's facility only to be turned away because he is disabled. Defendant's employee reiterated that the facility did not have equipment or personnel to assist him in transferring to the CT scanner and that Defendant would not be able to provide him with medical imaging.  Once again, Plaintiff had to leave without receiving any service from Defendant.

19.    The next day, Plaintiff called his urologist to explain that he was unable to have the CT scan completed at Centrelake Imaging because the facility had no way of transferring him to the scanner.  Plaintiff's medical provider had to request an override referral to Queen of the Valley Hospital.  Plaintiff had to wait another week for the appointment, but when he finally had the appointment, Queen of the Valley Hospital was able to provide him with assistance in transferring to the CT scanner and then back to his wheelchair.

6

20.    This experience was frustrating for Plaintiff. It can take up to 6 weeks or longer to get appointments for imaging services after his medical providers submit the referral to his insurance company. When he has to wait even longer to be seen due to the inaccessible conditions of Defendant's facilities, Plaintiff must endure the pain for those extra weeks and risk further complicating his health conditions. Due to the nature of his disability, Plaintiff is susceptible to complications such as recurring pneumonia and urinary tract infections. When he experiences symptoms of these conditions, imaging is often necessary to confirm a diagnosis and treatment plan. Plaintiff therefore requires medical imaging services on a regular basis, and his insurance often refers him to Centrelake Imaging. Plaintiff will need to return to one or more locations of Centrelake Imaging to receive services in the future.

21.    Defendant has denied disabled Plaintiff accessible medical scanning equipment at the Centrelake Imaging locations in West Covina and Downey, California. Plaintiff is a "person with a disability" or "physically handicapped person" who requires the use of a wheelchair for mobility. He is unable to use portions of public facilities which are not accessible to mobility disabled persons. On two occasions within the last year, Plaintiff was denied his right to full and equal access at the Centrelake Imaging. He was denied his civil rights under both California law and federal law, and continues to have his rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use a wheelchair or other assistive devices for mobility.

22.    The Department of Justice has issued guidance regarding the importance, purpose and scoping requirements for accessible medical equipment such as the imaging equipment complained of in this action:

> Availability of accessible medical equipment is an important part of providing accessible medical care, and doctors and other providers must ensure that medical equipment is not a barrier to individuals with

7

disabilities. This section provides examples of accessible medical equipment and how it is used by people with mobility disabilities. Such equipment includes adjustable-height exam tables and chairs, wheelchair-accessible scales, adjustable-height radiologic equipment, portable floor and overhead track lifts, and gurneys and stretchers.

The right solution or solutions for providing accessible medical care depends on existing equipment, the space available both within the examination room and for storage of equipment, the size of the practice and staff, and the patient population. What is important is that a person with a disability receives medical services equal to those received by a person without a disability.
…
There are many types of radiologic technologies and equipment associated with them, including MRI, x-ray, CT scan, bone densitometry, mammography, and ultrasound. Most of these technologies require the patient to lie on a flat surface that is part of the equipment. The accessibility issues related to transfer to the surface are similar to those addressed previously under Examination Tables and Chairs. However, because the technology is often integrated into the table, the table may not be able to be lowered sufficiently. In these cases, use of a patient lift or another transfer and positioning technique is particularly important for access to this equipment.

https://www.ada.gov/resources/medical-care-mobility/#part-4--accessible-medical-equipment

23.    Defendant has failed to provide an accessible imaging equipment, lifts and staff training so the that medical staff at Centrelake Imaging can adequately serve disabled patients such as Plaintiff.  Plaintiff estimates the costs of providing a lift to transfer disabled patients to imaging equipment can be purchased for a few thousand dollars.  https://medmartonline.com/patient-lifts/electric-lifts?srsltid=AfmBOoryKNG87XBy1q8IkMJxus-HIEOG2r9djc5_Ur62JvpmomIWHN4u. This is easy to do and does not cost very much to accomplish when compared to the overall financial resources of the medical practice, the benefit significant health benefits to disabled persons, and because it is the only way which allows Plaintiff to be treated properly at the premises.

24.    The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after

inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

25.    Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 51(f), 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

26.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 25 of this Complaint and incorporates them herein as if separately re-pleaded.

27.    In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for

which our free society is justifiably famous..." 42 U.S.C. §12101.

28.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

29.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

30.    As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which include but are not limited to a "professional office of a health care provider." 42 USC § 12181(7)(F).

31.    The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory

10

to afford an individual or class of individuals, on the basis of a disability or

disabilities of such individual or class, directly, or through contractual, licensing, or

other arrangements, with the opportunity to participate in or benefit from a good,

service, facility, privilege, advantage, or accommodation that is not equal to that

afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,

practices, or procedures when such modifications are necessary to afford such

goods, services, facilities, privileges, advantages, or accommodations to individuals

with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure

that no individual with a disability is excluded, denied service, segregated, or

otherwise treated differently than other individuals because of the absence of

auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and

communication barriers that are structural in nature, in existing facilities... where

such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

under clause (iv) is not readily achievable, a failure to make such goods, services,

facilities, privileges, advantages, or accommodations available through alternative

methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's

rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part

36 *et seq*.

32.    The removal of each of the physical barriers complained of by Plaintiff

as hereinabove alleged, were at all times herein mentioned "readily achievable"

under the standards of sections 12181 and 12182 of the ADA.  As noted

hereinabove, removal of each and every one of the architectural and/or policy

barriers complained of herein were already required under California law.  Further,

on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

33.    The ability to have imaging services performed is a fundamental necessity of accessing and using a facility which provides medical imaging. Therefore, the benefits of providing equipment or staff training to assist disabled patients in transferring to imaging equipment does not exceed the cost of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a medical facility, such as the costs of as ensuring fire safety. It is thus readily achievable to remove these barriers.

34.    On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

35.    Defendant's actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Centrelake Imaging and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182. Plaintiff wants to be

12

treated at Centrelake Imaging, where his insurance company refers him to, once barriers to access have been removed.

36.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

37.    Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize Centrelake Imaging, in light of Defendant's policies and physical premises barriers.

38.    Plaintiff seeks an award of reasonable attorney fees, litigation expenses and costs pursuant to 42 U.C.S section 12205.

WHEREFORE, Plaintiff requests relief as outlined below.

//

//

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT,**
**CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH**
**DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

39.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 38 of this Complaint and incorporates them herein as if separately re-pleaded.

40.     At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

41.     California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

42.     Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

43.     Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the

14

right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

44.    The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, and compensatory damages to Plaintiff, according to proof.

45.    **FEES AND COSTS:** As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendant make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC**
**FACILITIES  IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

46.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 45, above, and incorporates them herein by reference as if separately repled hereafter.

47.    Plaintiff and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable

15

to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19953 -19959.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19953 *et seq.* Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act."  "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, *medical facilities, including hospitals, clinics, and physicians' offices*, public facilities, and other public places."  Civil Code § 54(a) (emphasis added).  Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

48.    Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out.  On information and belief, Defendant and/or its predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions Centrelake Imaging, also occurred between

16

July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*. Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959. Alterations or additions after January 26, 1993 trigger ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

49. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair or other assistive device for movement in public places.

50. Plaintiff must continue to return to use these facilities to receive medical care/imaging services. The lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of these public facilities. Plaintiff reserves the right to add further instances of discrimination by amended complaint based on other necessary medical appointments.

51. The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally

1  encountered, and, as to all areas identified during this litigation by Plaintiff's access

2  consultant, that he or other physically disabled persons may encounter in the future.

3  *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One*

4  *Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co.,

5  654 F.3d 903 (9th Cir. 2011).   As to the Defendant that currently owns, operates,

6  and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and

7  permanent injunctive relief to enjoin and eliminate the discriminatory practices and

8  barriers that deny full and equal access for disabled persons, and for reasonable

9  statutory attorney fees, litigation expenses and costs.

10      52.    Wherefore Plaintiff asks this Court to preliminarily and permanently

11  enjoin any continuing refusal by Defendant to grant full and equal access to

12  Plaintiff in the ways complained of and to require Defendant to comply forthwith

13  with the applicable statutory requirements relating to access for disabled persons.

14  Such injunctive relief is provided by California Health & Safety Code

15  section 19953 and California Civil Code section 55, and other law.  Plaintiff further

16  requests that the Court award damages pursuant to Civil Code section 54.3 and

17  other law and attorney fees, litigation expenses, and costs pursuant to Health &

18  Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil

19  Procedure section 1021.5 and other law, all as hereinafter prayed for.

20      53.    **DAMAGES:**  As a result of the denial of full and equal access to the

21  described facilities and due to the acts and omissions of Defendant in owning,

22  operating, leasing, constructing, altering, and maintaining the subject facilities,

23  Plaintiff has suffered a violation of his civil rights, including but not limited to

24  rights under Civil Code sections 54 and 54.1, and has suffered difficulty,

25  discomfort and embarrassment, and physical, mental and emotional personal

26  injuries, all to his damages per Civil Code section 54.3, including general and

27  statutory damages, as hereinafter stated.  Defendant's actions and omissions to act

28  constitute discrimination against Plaintiff on the basis that he was and is physically

18

disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. These violations will continue to cause Plaintiff damages each day these barriers to access continue to be present. Plaintiff intends to return Centrelake Imaging once the premises has been made accessible for his full and equal enjoyment.

54.     **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff RICARDO MURILLO prays for judgment and the

following specific relief against Defendant:

1.      Issue a preliminary and permanent injunction directing Defendant as current owner, operator, lessor, and/or lessee of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities for use of their facility, including accessible imaging equipment or equipment to provide access to imaging equipment, and including alternate methods of providing access to facilities if so required; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2.      Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3.      Award to Plaintiff all appropriate damages, including but not limited to statutory damages and general damages in amounts within the jurisdiction of the Court, all according to proof;

4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.      Award prejudgment interest pursuant to Civil Code section 3291; and

6.      Grant such other and further relief as this Court may deem just and proper.

//

//

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

Date: January 22, 2025                    CLEFTON DISABILITY LAW

                                          ___*/s/ Aaron Clefton*
                                          By AARON CLEFTON, Esq.
                                          Attorneys for Plaintiff
                                          RICARDO MURILLO

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.


Date: January 22, 2025                    CLEFTON DISABILITY LAW

                                          ___*/s/ Aaron Clefton*
                                          By AARON CLEFTON, Esq.
                                          Attorneys for Plaintiff
                                          RICARDO MURILLO

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES